## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHENDRA E. M.,[1]                    ) | |
|                                      ) | |
|          Plaintiff,                  ) | **CIVIL ACTION** |
|                                      ) | |
| v.                                   ) | **No. 24-1140-JWL** |
|                                      ) | |
| LEE DUDEK,[2]                        ) | |
| Acting Commissioner of Social Security, ) | |
|                                      ) | |
|          Defendant.                  ) | |
| _____     ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On February 18, 2025, Mr. Dudek became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted for Acting Commissioner Michelle King as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff protectively filed an application for SSDI benefits on September 27, 2021.  (R. 26, 222).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ failed to evaluate her migraine headaches adequately as required by Social Security Ruling (SSR) 16-3p.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses the claimant's residual functional capacity (RFC).  20 C.F.R.

3

§ 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.    Discussion

Plaintiff claims the ALJ failed adequately to evaluate her migraines as required by SSR 16-3p.  (Pl. Br. 6).  She argues he acknowledged her migraines are severe within the meaning of the Act but erroneously failed to credit her reported limitations.  Id.  She argues the ALJ's evaluation relied upon his erroneous findings her migraines had improved and her activities of daily living are inconsistent with the limitations she reported.  Id.  She argues, "the ALJ's rationale failed to satisfy the requirements of SSR 16-3p to adequately evaluate [sic] [her] reported migraine symptoms and resulting limitations."  Id.  (citing 2017 WL 5180304, at*2 (Oct. 25, 2017)).  She argues the ALJ's

4

decision "offered no explicit rationale for rejecting [her] reported migraine limitations." (Pl. Br. 7).

Plaintiff argues that the ALJ failed to provide explicit rationale to reject her allegations of migraine symptoms but provided only implicit reasoning that (1) Plaintiff's "migraines had improved to some degree with treatment; and (2) and her "somewhat normal level of daily activity" was inconsistent with "her allegations of disability." Id. at 9 (quoting R. 40). This is error, in Plaintiff's view, because the ALJ "failed to provide any rationale that was 'closely and affirmatively linked to substantial evidence.'" Id. (quoting Kellams v. Berryhill, 696 F.App'x 909, 912 (10th Cir. 2017)).

Plaintiff points out "it is possible for an individual's symptoms to improve but for the individual to remain too disabled to work." Id. She then cites record evidence that showed continuing problems even when it showed improvements and argues the ALJ failed to explain why her reports of continuing limitations were discounted. Id. Plaintiff cites Lindsay M. v. Kijakazi, Civ. A, No. 21-02063-EFM, 2022 WL 612452 (D. Kan. Mar. 2, 2022) for the proposition that an ALJ must provide a specific analysis of why allegations of individual acute symptoms were discounted and argues that principle must be applied here. Id. at 10. Plaintiff argues that contrary to the ALJ's finding her migraine symptoms improved, "the record reflects [her] migraines were actually worsening" because she reported in May 2023 the number of monthly migraines increased and in August 2023 she reported "she is having a severe headache daily." Id. 11 (citing R. 1040 and quoting R. 1236).

Plaintiff next argues the ALJ was mistaken to rely on her activities of daily living to reject her allegations of limitations from her migraines because she testified she did not do these activities during migraines and he did not make clear which of the daily activities were inconsistent with her reported limitations. (Pl. Br. 11-12). She argues the proposition from Lindsay M. is also applicable to this issue because "the ALJ's discussion placed undue emphasis on activities [Plaintiff] could perform while not suffering from a migraine episode." Id. 12.

The Commissioner argues the ALJ's determination to discount Plaintiff's allegations of disabling migraines is supported by substantial evidence in the record. (Comm'r Br. 6). He argues that the ALJ properly relied upon inconsistencies he found between Plaintiff's allegations and other record evidence including the objective findings, the effectiveness of treatment, and Plaintiff's performance of activities of daily living. He also points out the ALJ "considered, and largely relied on, the prior administrative medical findings from state agency physicians," and argues "Plaintiff has not challenged the ALJ's findings as to these prior administrative medical findings" and has waived that issue because she did not raise it in her opening brief. Id. (citing in a footnote Anderson v. Dep't of Labor, 422 F.3d 1155, 1174, 1182 n.51 (10th Cir. 2005)).

He argues the ALJ applied the "proper analysis and his reasoning can easily be discerned" and should not be upset because it is supported by the record evidence. Id. (citing Hackett, 395 F.3d at 1173). He argues, "the issue in this appeal is not whether the evidence could be seen as consistent with Plaintiff's subjective complaints, as Plaintiff argues, but merely whether it is feasible for a reasonable factfinder to conclude that the

6

evidence was not consistent with such subjective complaints." (Comm'r Br. 8) (citing Chismarich v. Berryhill, 888 F.3d 978, 980 (8th Cir. 2018)).

The Commissioner argues the ALJ need not explain what evidence contradicts each alleged symptom so long as he explains the inconsistencies with the record evidence upon which he relied to discount the claimant's allegations. Id. 8-10 (citing Keyes-Zachary v. Astrue, 695 F.3d 1156, 1169 (10th Cir. 2012); Bales v. Colvin, 576 F. App'x 792, 800 (10th Cir. 2014); Toledo v. Comm'r, SSA, No. 24-5001, 2024 WL 4357913, at *2 (10th Cir. Oct. 1, 2024); and April M. v. Kijakazi, Civ. A. No. 22-1218-JWL, 2023 WL 4545162, *6 (D. Kan. July 14, 2023)). The Commissioner argues that Lindsay M. is to be distinguished from this case because in Lindsay M. the problem was that the court found the ALJ failed to mention the claimant's headache impairment at step three when considering whether her condition met or medically equaled a listed impairment and the further lack of specific findings regarding headaches when discussing RFC made it impossible to determine whether the step three error was harmless. Id. 10-11.

The Commissioner concludes his argument by explaining how, in his view, the record evidence supports the ALJ's rationale to discount Plaintiff's allegations of debilitating headache symptoms. Id. 12-18.

In her Reply brief, Plaintiff argues the Commissioner misunderstood her argument and mischaracterized it as arguing "the ALJ was required to complete a robotic factor-by-factor analysis of [Plaintiff's] reported symptoms and resulting limitations to satisfy the requirements of SSR 16-3p." (Reply 2) She then restated her argument, "Reviewing the substance of the ALJ's decision, not the form, the ALJ's decision failed to offer 'specific

reasons for the weight given to the individual's symptoms' in a manner that was 'supported by the evidence' and 'clearly articulated.'" (Reply 2) (quoting SSR 16-3p, 2017 WL 5180304, at \*10).  She then explains why, in her view, the Commissioner's arguments should not be accepted.  Id. at 3-6.

### A.    Standard for Evaluating a Claimant's Allegations of Symptoms

The court's review of an ALJ's evaluation of a claimant's allegations of symptoms is deferential.  Such determinations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  "Credibility determinations[3] are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.

The framework for a proper analysis of a claimant's allegation of symptoms is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  An ALJ must consider (1) whether

---

[3] Talley, Broadbent, Wilson, Poppa, Hackett, Luna, Thompson, and Kepler, were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination."  Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529).  Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. App'x. 542, 546 (10th Cir. 2017).  Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on December 5, 2023, when this case was decided.  Nonetheless, to the extent, and only to the extent, that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p and is no longer a valid factor to be considered.

the claimant has established a symptom-producing impairment by objective medical

evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and

the claimant's subjective allegations of pain; and (3) if so, whether, considering all the

evidence, both objective and subjective, the claimant's symptoms are in fact disabling.

See, Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the Luna

framework).  The Commissioner has promulgated regulations suggesting relevant factors

to be considered in evaluating a claimant's allegations of symptoms:  Daily activities;

location, duration, frequency, and intensity of symptoms; factors precipitating and

aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken

to relieve symptoms; treatment for symptoms; measures the claimant has taken to relieve

symptoms; and other factors concerning limitations or restrictions resulting from

symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).  The court has recognized a non-exhaustive

list of factors which overlap and expand upon the factors promulgated by the

Commissioner.  Luna, 834 F.2d at 165-66.  These factors include:

> the levels of medication and their effectiveness, the extensiveness of the
> attempts (medical or nonmedical) to obtain relief, the frequency of medical
> contacts, the nature of daily activities, subjective measures of credibility
> that are peculiarly within the judgment of the ALJ, the motivation of and
> relationship between the claimant and other witnesses, and the consistency
> or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at

1489).  Evaluation of allegations of symptoms is intertwined with RFC assessment.

Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009).

### B.    The ALJ's Relevant Findings

9

The ALJ found migraine headaches are one of Plaintiff's combination of severe impairments within the meaning of 20 C.F.R. § 404.1520(c) (more than a minimal effect on the ability to do basic work activities). Williams, 844 F.2d at 751). He found at step three, however, that Plaintiff's headaches do not medically equal Listing 11.02 for epilepsy. (R. 30). The ALJ found Plaintiff has the mental RFC to "tolerate moderate noise and can tolerate lighting no more intense than that in a typical office environment. The claimant can understand, remember, and execute simple instructions consistent with unskilled work, and can maintain concentration, persistence, and pace in so doing. The claimant requires customary breaks." Id. 32 (finding no. 5, bold omitted).

In assessing RFC, the ALJ noted he had considered Plaintiff's allegations of symptoms in accordance with 20 C.F.R. § 404.1529 and SSR 16-3p and the medical opinions and prior administrative medical findings in accordance with 20 C.F.R. § 404.1520c. Id. He summarized Plaintiff's reported headache symptoms—"daily headaches, and 3-4 migraines per week. She stated Botox injections last a few weeks and help more with nausea than migraine intensity. She noted she requires dark and quiet conditions during a migraine." Id. 33. He found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; [but her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id.

The ALJ summarized treatment records regarding Plaintiff's migraines. He noted in February 2022 she reported doing well with Topiramate and Rizatriptan and reported

two to three breakthrough migraines a month with daily headaches in the morning.  (R.

34).  He noted she reported increased migraines in May 2022 (15 a month) with daily

headaches and had decided to have Botox injections.  Id.  He noted she received her first

Botox injection in June 2022 and reported no relief.  Id.  By September 2022 she reported

only two severe migraines a month.  Id.  He noted that in a May 2023 office visit "she

continued to report improvement in her migraine headaches when she was on schedule

with Botox injections."  Id. 36.  He noted that in August 2023 "Plaintiff reported

continued severe daily headaches," but that "she was on her second round of Botox since

restarting after a long gap due to payment issues."  Id.

     The ALJ found "the evidence does not indicate that [Plaintiff's] conditions result

in debilitating functional limitations;" id., at 38; and explained, "the claimant's

allegations of disabling limitations are not fully supported by or consistent with the

objective medical evidence and examination findings."  Id. 39.  The ALJ explained his

consideration of Plaintiff's daily activities:

> Despite her impairments, the claimant has engaged in a somewhat normal
> level of daily activity and interaction.  Some of the mental abilities and
> social interactions required to perform these activities are the same as those
> necessary for obtaining and maintaining employment.  It is not that the
> undersigned concludes that the claimant's daily activities are unlimited, as
> her residual functional capacity reflects that her physical and mental
> limitations likely pose some restriction on her daily activities.  However,
> the undersigned is not persuaded that her daily activities are entirely
> consistent with her allegations of disability.

Id. 40.

     The ALJ found the prior administrative medical findings of the state agency

psychological consultants generally persuasive because they are well-supported by "the

evidence available at the time, including the findings at the consultative evaluation" and
"are consistent with subsequent evidence of record, including the preop psychological
evaluation." (R. 41). He found the opined limitation to 1-2 step instructions/tasks vague
but found the "findings are otherwise internally consistent and consistent with the
evidence as a whole." Id.

>The ALJ concluded:
>
>In sum, the facts contained in the record do not dispute that the claimant
>has conditions, which singly or in combination, may cause functional
>limitations. What the evidence suggests, however, is that the claimant's
>symptoms may not exist at the level of severity asserted by the claimant's
>testimony at hearing, and do not have the negative impact upon the
>claimant's ability to engage in work activity that has been alleged. The
>above residual functional capacity, as determined by the undersigned,
>considers the reliable evidence regarding the extent of the claimant's
>functional impairments.

Id. 42.

### C.     Analysis

The court finds the decision in this case controlled by this court's decision in April
M. v. Kijakazi, Civ. A. No. 22-1218-JWL, 2023 WL 4545162 (D. Kan. July 14, 2023).
Plaintiff here argues that the ALJ's decision "offered no explicit rationale for rejecting
[her] reported migraine limitations" but provided only implicit reasoning. (Pl. Br. 7-9).
As in April M., Plaintiff appears to be arguing that the ALJ must provide a specific
reason to discount each allegation made. That is not the law. Plaintiff quotes SSR 16-3p,
arguing "[t]he ALJ is required to 'explain which of an individual's symptoms [he] found
consistent or inconsistent with the evidence in his or her record and how [his] evaluation
of the individual's symptoms led to [his] conclusions'" and must also provide "specific

reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated."  (Pl. Br. 6-7) (quoting 2017 WL 5180304, at *8, *9).  Plaintiff's argument appears to suggest the ALJ must explain whether each <u>individual symptom</u> is consistent or inconsistent with the record evidence, but the ruling requires only that the ALJ explain which of the <u>individual's symptoms</u> he found are consistent and inconsistent with the evidence and how his evaluation led to his conclusion.

That is what the ALJ did here.  He explained he found Plaintiff's alleged migraine symptoms inconsistent with the record evidence because it showed her migraines had improved and were inconsistent with her allegations and her activities of daily living were inconsistent with her allegations—of three to four migraines a week, lasting four to six hours each, and which make her nauseous and require her to go into a dark room and be uninterrupted.  Moreover, as the Commissioner points out, the ALJ found Dr. Bucklew's and Dr. Wilkinson's administrative medical findings and Mental RFC generally persuasive except for their vague limitation to 1-2 step instructions/tasks.  (R. 41).  Thus, these opinions support the ALJ'S Mental RFC assessment.  Further, although the ALJ found the prior administrative medical findings of the state agency medical consultants, Dr. Lee and Dr. Braverman, unpersuasive because they found Plaintiff capable of light rather than sedentary work, they nevertheless found Plaintiff capable of work while acknowledging and considering her migraine symptoms.  There is simply no medical opinion or prior administrative medical finding in the record suggesting Plaintiff's migraines are disabling and the ALJ's findings are supported by the evidence.

To the extent Plaintiff suggests the ALJ's findings are not supported by arguing the ALJ "failed to provide any rationale that was 'closely and affirmatively linked to substantial evidence'" (Pl. Br. 9) (quoting Kellams, 696 F.App'x at 912), the decision demonstrates otherwise.  When discussing the record evidence regarding migraine treatment and daily activities, and consideration of the prior administrative medical findings, the ALJ cited to the record evidence for each fact he stated.  (R. 34, 36, 39-40, 40-41).

Plaintiff's argument her allegations are supported by the record evidence cites only to her personal statements or to the medical evidence recording her reports to medical care providers.  But what is being evaluated in the ALJ's consideration of Plaintiff's allegations of symptoms is whether those alleged symptoms are consistent with the other evidence of record.  Therefore, supporting the allegations with reference to the allegations is merely a tautology.  Here, there is no statement by a medical care provider that he or she has arrived at a conclusion regarding the severity of Plaintiff's symptoms or their effect on Plaintiff's functioning.  Moreover, the record contains no contemporaneous record of Plaintiff's migraines demonstrating the dates, durations or other pertinent information suggesting their severity or their effect on Plaintiff's activities or abilities.

Plaintiff's suggestion that the ALJ should have explained why he didn't accept Plaintiff's report at one point that she had only two migraines a month and find her disabled in that regard misses at least two important considerations since it is Plaintiff's burden to demonstrate she is unable to perform any substantial gainful activity.  First, and

14

most importantly, Plaintiff's argument merely admits that her allegations of disabling migraines three to four times a week, lasting four to six hours each, and which make her nauseous and require her to go into a dark room and be uninterrupted are, in fact, inconsistent with other record evidence and are appropriately discounted or rejected. Second, Plaintiff's argument assumes that both of her monthly migraines will occur during work hours, last four to six hours each, make her nauseous, and require her to go into a dark room and be free from interruptions. However, having found her migraines are not as frequent as alleged, Plaintiff does not explain why the ALJ should assume they are as severe as alleged?

The ALJ found Plaintiff's alleged migraine symptoms are inconsistent with the other record evidence. He explained the rationale for those findings and his rationale is supported by the record evidence. Plaintiff does not point to record evidence which compels a different finding. Therefore, the court finds no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated February 27, 2025, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

15